# Cramton, *et al. v.* Rutledge, *et al.*

*Motion to Require Proceeds of Sale Paid Over.*

(Decided Nov. 24, 1910.    53 South. 922.)

1. *Depositaries; Control of Court.*—Where one holds the proceeds of a sale of land under a private agreement made by the parties to the partition proceeding with agreement to pay over a part thereof to complainant if they were decreed to have title thereto, such one was a custodian of such fund subject to the order of the court with reference thereto notwithstanding he was attorney of record in the case.

2. *Constitutional Law; Due Process; Judicial Proceedings.*—Where one holds money under an agreement of the parties to a partition suit to be paid over to complainant if he should recover, service upon him of a rule to show cause why the money should not be paid over was sufficient notice to him, and he was not deprived of due process of law by the granting of the motion where he had an opportunity to be heard before motion was granted.

[Cramton, et al. v. Rutledge, et al.]

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Action by J. T. Rutledge and others against F. J. Cramton and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

This proceeding grew out of the former proceedings of *Rutledge v. Cramton* for the partition of lands, the reports of which can be found in 150 Ala. 275, 43 South. 822, and 157 Ala. 141, 47 South. 214, and 163 Ala. 649, 50 South. 900. The original suit was one to recover an interest in 28 lots and to have the whole tract sold for partition. The defendant F. J. Cramton found purchasers for the whole tract at a price satisfactory to him and to the complainant, and in order to make satisfactory title the attorneys for the respective parties to the suit entered into an agreement in writing, the substance of which was that title should be made to the purchasers by all parties, and that one-third of the proceeds of such sale should be deposited with Fred S. Ball to await the determination of the suit, to be delivered to the complainant in the event they should recover in the cause. It was agreed that, in the event there was a decree for complainant, this written agreement might be referred to, and the parties may be asked to submit the decree to meet their wishes, or the court might make a decree in general terms reciting the fact of the sale, and that the plaintiffs are entitled to a share of the proceeds, which the court may direct that they are entitled to; the proceeds being regarded as the land itself. This motion now under consideration was made to require Ball to turn the money over to the complainant.

J. M. CHILTON, and BALL & SANFORD, for appellant. So far as relief is sought against Ball, it must be by a plenary suit and it is essential that he be made a party

to the original suit before he can be proceeded against at all.—16 Enc. P. & P. 511; *Sayre v. Elyton L. Co.*, 73 Ala. 85; *Marshall, Davis & Co. v. Phillips*, 79 Ala. 145; *Malone & Foote v. Marriott*, 64 Ala. 486. On these authorities it is argued, 1st, that Ball had not been made a party defendant to the original cause and that, therefore, a decree cannot be rendered against him in that cause. 2nd, that he has not been served with due process which will support a decree against him, and that if he has he was entitled to question or defend against any of the proceedings had in the original cause.

GUNTER & GUNTER, for appellee. The jurisdiction of the court continues for every purpose until a decree is satisfied.—*Riggs v. Johnson*, 6 Wall. 171. The contract was such as could be summarily dealt with by the court so long as the parties are under its control.—*Barry v. Mutl. I. Co.*, 53 N. Y. 540. That the court could enforce properly upon motion the private agreement in this case, see the following authorities: 20 Enc. P. & P. 622, note 10; 25 Tenn. 319; 20 Tex. 320; 10 Abb. 188; 7 Paige's Ch. 382; L. R. A. 2 Ex. C. 18; 24 N. J. L. 13; Ib. 68; 2 How. 263. In a court of equity persons who connect themselves with a pending suit in a manner permitted by law become parties to the proceeding—*Meed v. Christian*, 50 Ala. 567. The agreement modified the decree in accordance therewith.—*Express Cases*, 117 U. S. 601.

ANDERSON, J.—The agreement was made pending the suit, and related to the very subject-matter of same. It, in effect, ratified or looked to a private sale of the land, instead of through the machinery of the court, and substituted the proceeds from said private sale for the land. Ball was to hold the proceeds, or the complain-

[Cramton, et al. v. Rutledge, et al.]

ant's share of same, to await a determination of their title to same, and which was to be paid over to them in the event they were subsequently adjudged to be the owner of same. Whether or not Ball, an attorney of record, held the fund as such, or as an independent trustee, matters not; for, when he voluntarily assumed the custody of same, which was the whole subject of the litigation, and was to await the judicial determination as to the rights to same in the then pending cause, and agreed to deliver it to petitioners in response to a decree in their favor, he thereby became the custodian of the subject of the litigation. He was, in effect, an officer of the court, and subject to its orders and decrees in dealing with the subject of the suit—just as much so as would be a commissioner who sold the land for division and held the proceeds of the sale, as the purpose and effect of the transaction was to substitute the fund for the land and make Ball a stakeholder; and, having received the fund as such, he held it subject to the order or decree of the court, without having to be made a party to the cause, or having to respond only to a separate and independent action. Courts of equity would indeed be helpless, if they could not control funds in their custody.

The city court had the jurisdiction over and control of the land, and when Ball assumed custody of the proceeds of same he became subject to the jurisdiction of said court and answerable to its orders and decrees. Nor could there be any end to litigation, if these petitioners had to be put to a separate action to collect a fund, which the court held was theirs, and which Ball held subject to said decree. The issuance of the rule to show cause, and which was served before the hearing of the petition, was sufficient notice, and, as the respondent Ball had an opportunity to be heard before the peti-

tion was granted, he was not deprived of "due process of law."

The decree of the city court is affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.